*S. A. Huff* and *R. P. DeHart*, for appellee.

---

THE STATE on the relation of ALSOP *v.* HUSBAND and Others.

TOWNS.—ELECTION OF TRUSTEES.—Section three of the act providing for the incorporation of towns (R. S. 1843, p. 388) was intended to fix the term of office not only of the trustees first elected, but of their successors.

DISSOLUTION OF TOWN CORPORATION.—As a method of dissolving the corporation is pointed out in section thirty of the act, whenever two-thirds of the inhabitants of the town shall desire such dissolution, the courts should not, upon a doubtful construction of the statute, resort to other methods of accomplishing the same result.

APPEAL from the *Posey* Circuit Court.

RAY, J.—An information was filed by an inhabitant of the town of *New Harmony*, in the name of the State of *Indiana*, against the appellees, charging that the said town

was duly incorporated under the act of 1843, for the incorporation of towns, and that in the year 1864, the qualified voters of the town failed to elect trustees, and that on the day fixed by law for the annual election of trustees, in the succeeding year, the qualified voters of said town proceeded to exercise what they claimed as their charter right to elect trustees, and that the appellees, being then selected, claimed and exercised the powers belonging to such office. The prayer is that the corporation be declared dissolved, and that the appellees be enjoined from performing the duties of said office. A demurrer was sustained to the information.

It is claimed that the failure to elect dissolved the corporation. The third section of the act of 1843, (R. S. 1843, p. 388) under which the trustees were elected, directing the method by which the first board of trustees should be selected, provides that each trustee "shall serve one year, and until his successor shall be chosen and qualified." The next section provides that an election shall be held annually, on the first *Monday* in *May* next after the first election. It is insisted on the part of the State, that the provision extending the term of office of trustees until their successors are elected and qualified is limited to the first board of trustees. If this were a proper construction, there would be no limit fixed by the statute to the term of office of their successors. The requirement that an election should be held on the first *Monday* in *May*, each succeeding year, does not determine when the persons so elected should qualify and take possession of their office. The third section of the act, alone, fixes the term of office, and that was plainly intended to apply alike to the trustees first elected and to their successors.

The thirtieth section of the act provides that whenever two-thirds of the inhabitants of a town are desirous of dissolving the corporation, they may do so by following the method therein pointed out. The sole object in the establishment of such corporations being the welfare of the inhabitants of the town incorporated, and the statute having

provided the method by which the corporation may be dissolved, whenever it fails to answer this purpose, in the opinion of the inhabitants, we will not, upon a doubtful construction of the statute, resort to other methods of accomplishing the same result, upon the motion of a single member of the community.

The judgment is affirmed, at the cost of the relator.

*E. Lewis* and *Spencer & Loudon,* for appellant.

*C. Denby,* for appellees.